**UNITED STATES**

v.

**Airman Robert F. RADIMECKY, FR 566–71–5691, United States Air Force.**

**ACM S27508.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 4 March 1987.

Decided 10 Sept. 1987.

**506**

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Harry L. Heintzelman, IV.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Morris A. Tanner, Jr., Major Kathryn I. Taylor and Captain Jeffery H. Curtis.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A special court-martial, consisting of members, found the appellant guilty of three specifications of theft. We find no error in the trial proceedings themselves, but because the action was taken by an officer not properly in command we must return the record for a new action.

 Although the action of the convening authority was signed by Lieutenant Colonel Meyer, the action portion of the court-martial order showed a signature block for Colonel Lupia. Appellate defense counsel invited our attention to this inconsistency. In response, appellate government counsel provided us with copies of an order purporting to appoint Lt Col Meyer commander of the combat support wing for a time which included the date on which the action was signed. It is the deficiency of this order which causes us to hold that Lt Col Meyer was not properly in command of the combat support wing when he signed the action of the convening authority in this case.

The "G" series special order which appellate government counsel provided was issued by Headquarters, 377th Combat Support Wing. It declares:

LIEUTENANT COLONEL ... MEYER ..., this HQ, is appointed Commander 377th Combat Support Wing, effective 26 April 1987. AUTH: AFR 26–2.

FOR THE COMMANDER

This order was ineffective. The substance of orders announcing change of command for Air Force organizations is explained in AFR 10–7, *Administrative Orders*, Chapter 2 (15 Sep 86). The order involved in this case is one concerning an appointment to command. AFR 10–7 discusses who should issue change of command orders in various situations. Concerning appointments to command, it states:

"G" series orders are also used to document appointments; however, in this case a higher headquarters directs who will be the commander of a subordinate organization.

 This means that even where an organization is at a level sufficient for its commander to exercise delegated Presidential appointment power for commanders under AFR 35–54, *Rank, Precedence, and Command* (15 Sep 81), appointments to command of that organization must be made by the commander of a superior organization. A wing commander cannot appoint his own replacement.

Because the orders declaring Lt Col Meyer to be commander are a nullity, the action of the convening authority is without ef-

fect. The case is returned for a proper action of the convening authority.

Senior Judge FORAY and Judge MICHALSKI concur.